[57 NYS3d 514]

In the Matter of PAMELA BRUCE STUART, an Attorney, Respondent.

Second Department, June 28, 2017

**APPEARANCES OF COUNSEL**

*Faith Lorenzo,* Hauppauge (*Carolyn Mazzu Genovesi* of counsel), for Grievance Committee for the Tenth Judicial District.

*Pamela Bruce Stuart*, Washington, D.C., respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

By order dated January 5, 2017 (2017 WL 56362, 2017 Fla LEXIS 38 [Jan. 5, 2017, No. SC16-2204]), the Supreme Court of Florida suspended the respondent from the practice of law for one year, effective 30 days from the date of the order. The order was predicated on a document entitled "Conditional Guilty Plea for Consent Judgment" (hereinafter the consent judgment) dated November 15, 2016.

As revealed in the consent judgment, the respondent was appointed by her father as trustee of his trust. As trustee, and pursuant to the terms of the trust and Florida law, the respondent loaned herself money from the trust to: (1) assist her in carrying out the trust's responsibilities, (2) pay part of the carrying costs of a failed real estate investment, and (3) support her own living and medical expenses. The terms of the trust required the loans to be secured by collateral and at an adequate interest rate. A promissory note prepared by the respondent properly secured repayment of the loans.

In a civil suit involving the trust commenced in Florida, a judge found that the respondent breached her fiduciary duties by failing to provide the required accountings and loaning herself substantial monies from the trust, and denied the respondent's request for payment of trustee fees and repayment of trust expenses advanced by the respondent.

The following mitigation was noted: the respondent (1) had no prior disciplinary history, (2) experienced many personal problems and setbacks over the time period of the misconduct, (3) displayed a cooperative attitude during the disciplinary proceeding, (4) faced civil penalties for her misconduct, and (5) expressed remorse. Aggravating factors were also noted, namely, that the respondent had substantial experience in the practice of law, and had engaged in a pattern of misconduct.

The plea was approved by the Board of Governors of the Florida Bar and the Supreme Court of Florida. Accordingly, the Supreme Court of Florida, by order dated January 5, 2017 (2017 WL 56362, 2017 Fla LEXIS 38 [Jan. 5, 2017, No. SC16-2204]), suspended the respondent from the practice of law for one year.

Response to the Order to Show Cause

In an 18-page response filed with this Court on March 28, 2017, the respondent contends that reciprocal discipline is inappropriate. Alternatively, the respondent requests, inter alia, that in the event this Court were to impose reciprocal discipline, this Court's order be made nunc pro tunc to the effective date of the Florida order of suspension.

The respondent is admitted to the bar in the following jurisdictions: Washington, D.C., New York, Maryland, Virginia, and Florida. She practices law in Washington, D.C., with an office in Vero Beach, Florida, and is also of counsel to the law firm of Simon & Partners, LLP, in New York.

With regard to the facts underlying her suspension in Florida, the respondent underscores the fact that the charges of misconduct do not involve a client or any aspect of her law practice, but rather, a bitter family dispute over a family trust. The details, briefly summarized, are as follows:

The respondent's parents both established revocable trusts with pourover wills in 1990, and appointed the respondent as cotrustee of their estates. The executor and trustees were entitled to trust fees and expense reimbursement. Both trusts required annual accountings and granted the trustees broad discretion in the administration of the trusts. Upon her father's death in 1998, the respondent assumed responsibility for his estate as successor trustee and appointed a friend of her father, Lewis L. Smith, Jr., as cotrustee. The respondent prepared and provided accountings to her mother. In December 1999, the respondent's mother was involuntarily hospitalized in Florida due to various illnesses. Given this change of circumstance, the respondent needed to spend more time in Florida attending to her mother's affairs. Toward that end, in January 2000, the respondent purchased a small townhouse two miles from her mother's residence, located in Vero Beach, in order to facilitate her service as trustee and to care for her mother. Shortly afterwards, the cotrustee, Lewis L. Smith, Jr., resigned due to ill health. In his place, the respondent's brother-in-law, Edward Ryan, was appointed as cotrustee.

In February 2001, the respondent decided to purchase a small commercial townhouse in the Dupont Circle area of Washington, D.C., to use as a law office, to rent out offices for income, and as an investment. Unfortunately, the seller lied about whether the rear of the townhouse could be accessed from the street, and the respondent commenced an action

against the seller for fraud and misrepresentation. Despite lengthy litigation, the respondent never succeeded in obtaining the necessary building permits to renovate the townhouse or an occupancy permit to allow rentals. As a consequence, the respondent had to pay the carrying costs of the townhouse, which ranged from $11,000 to $20,000 per month, without any income from the townhouse. This litigation, on top of her regular law practice, which was a solo practice, overwhelmed her and had a negative impact on her available time to care for her increasingly frail mother, as well as her ability to keep up with her duties as trustee of her father's trust.

Beginning in 2001, when it became apparent to the respondent that the townhouse was running into problems, the respondent consulted with family members about taking loans from her father's trust against her share of the inheritance and her rights to trustee fees and expense reimbursements, which was permitted under the terms of the trust, in order to meet the unanticipated expenses of the townhouse. Because all interested parties, specifically her mother, her two sisters, and Edward Ryan, were all receiving monthly brokerage statements regarding the trust, the respondent elected to forgo the preparation of annual accountings, intending to prepare them when time permitted. The respondent admitted that was a "big mistake," and represented poor judgment on her part.

In December 2009, the respondent sold the townhouse to the owner of an adjacent property, permitting her to pay back to the trust $705,000 of the amount she had borrowed. Once the sale of the townhouse was completed, the respondent began to address her own medical issues, which required her to undergo multiple surgeries. The respondent's medical problems affected her ability to work, causing her to borrow again from the trust for her own maintenance and support. The respondent executed a promissory note providing for repayment of the loans.

In arguing for a lesser sanction, the respondent states that the conduct involved a purely personal matter in which the transgression was a sin of omission of a ministerial duty and a product of poor judgment coupled with borrowing that was authorized by the trust and Florida law. Her withdrawals from the trust were made in good faith and with full knowledge of all concerned family members, who had access to relevant documentation in the form of monthly bank and brokerage statements related to the trust.

In support of her plea for a lesser sanction, the respondent has submitted a copy of her résumé, which reveals a distin-

guished legal career that includes extensive legal writing and publications, teaching, speaking engagements, and significant professional and community service.

Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the findings of the Supreme Court of Florida. In view of the respondent's unblemished disciplinary history in her 40 years of the practice of law, her distinguished legal career, her substantial contribution to her local bar association, her cooperation with the Florida disciplinary authorities, her remorse, and most importantly, the fact that the respondent's misconduct concerns a bitter dispute concerning a family trust among family members and does not involve a client matter, we conclude that the appropriate sanction is a public censure.

ENG, P.J., MASTRO, RIVERA, DILLON and MILLER, JJ., concur.

Ordered that pursuant to 22 NYCRR 1240.13, the respondent, Pamela Bruce Stuart, is publicly censured.